IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DIANE E. HUGHES, CLARENCE O. HUGHES, | |
| Plaintiffs, | Case No. 3:20-cv-281 RRB |
| vs. | **ORDER ALLOWING PLAINTIFFS TO APPLY TO WITHDRAW APPLICATIONS** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiffs, Diane and Clarence Hughes, proceeding *pro se*, filed a Complaint alleging that Social Security Administration (SSA) employees failed to give them complete and accurate information to make informed decisions regarding Social Security Retirement when they filed their Early Social Security Retirement applications in 2006 and 1993. Plaintiffs wish to withdraw one or both of their applications and refile pursuant to SSA's established procedure for doing so.[1]

The facts and applicable law are discussed in more detail in the Order at Docket 13. Briefly, Plaintiffs complain that the SSA Claims Representatives who assisted them in 1993 and 2006 failed to provide information critical to making an informed

---

[1] Docket 1.

retirement decision and, as a result, they both took Early Retirement resulting in a

significant loss of income compared to other retirement options that were available.[2]

Plaintiffs say they have attempted since 2016 to resolve the issue, and "wish to withdraw

and refile their Social Security Options."[3]  An unfavorable ALJ decision issued on

March 25, 2021, concluding that SSA employees did not provide misinformation to

Plaintiffs, and that Mrs. Hughes "cannot withdraw her 2006 application for retirement

benefits and retroactively refile for retirement benefits," because on December 8, 2010, the

Agency established a 12-month time limit, from the first month of entitlement, for the

withdrawal of retirement applications.[4]

   Noting that this matter had languished in the system for far too long, and that

it turned on a relatively straightforward legal question, the Court offered relevant legal

analysis *sua sponte*.[5]  In summary, before December 8, 2010, the SSA allowed retirement

beneficiaries to withdraw their retirement application, ***for any reason and at any point in***

***time***, and refile it at a later date.  The Court noted that at least two courts have found that

the 12-month time limit was "impermissibly retroactive" as applied to individuals similarly

situated to Plaintiffs.[6]  The Court explained that regulations cannot be applied retroactively

---

[2] Docket 1.  They estimate a loss between $120,000 and $140,000.

[3] Dockets 1-1, 11.  Plaintiffs alternatively seek to recoup their alleged damages by seeking relief under 20 CFR § 404.633(c), alleging damages as a result of misinformation provided by SSA employees. *Id*.

[4] Docket 11-8 at 3, *citing* 20 CFR § 404.623; *compare* 20 C.F.R. § 404.640 (Effective December 8, 2010) and 20 CFR 404.640 (Effective to December 7, 2010).

[5] Docket 13.

[6] *See Low v. Berryhill*, 334 F. Supp. 3d 1165, 1170 (W.D. Wash. 2018) (finding 12-month time limit impermissibly retroactive as applied to Plaintiff); *Terwilleger v. Comm'r of Soc. Sec.*, 2019 WL 336877, at *7 (S.D. Ohio Jan. 28, 2019), report and recommendation adopted *sub nom.*, *Terwilliger v. Comm'r of Soc. Sec.*, 2019 WL 1317880 (S.D. Ohio Mar. 22, 2019).

*Hughes v. Social Security Administration*     Case No. 3:20-cv-281 RRB
Order Allowing Plaintiffs to Apply to Withdraw Applications     Page 2
Case 3:20-cv-00281-RRB   Document 21   Filed 11/12/21   Page 2 of 9

unless several conditions are met, and that generally the SSA does not have any authority to engage in retroactive rule-making.[7]

      The ALJ did not address the fact Diane Hughes first filed for retirement in 2006, before the 12-month restriction, and this Court concluded that the ALJ improperly applied the new regulation retroactively to Plaintiffs. When considering a Social Security administrative appeal, this Court "must affirm the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal standards."[8] Accordingly, this Court concluded that "reversal of the ALJ is warranted due to a purely legal error."[9] The Court stated that "it appears that Plaintiffs are entitled to withdraw and refile their retirement applications which were filed prior to December 8, 2010, pursuant to the SSA's established procedure," but gave Defendant the opportunity to respond before ruling.[10]

      Without specifically conceding the issue of retroactivity, the Commissioner agrees that remand is required in this case, but disagrees that Plaintiffs should "automatically" be allowed to withdraw and refile their applications. Instead, the Commissioner submits that this Court should remand this matter to the Appeals Council, which in turn "will instruct the ALJ to conduct efforts to develop the record and evaluate

---

[7] Docket 13, *citing Kokal v. Massanari*, 163 F. Supp. 2d 1122, 1134 (N.D. Cal. 2001) and *Low v. Berryhill*, 334 F. Supp. 3d 1165, 1170 (W.D. Wash. 2018) ("Congress generally has not granted the SSA retroactive rulemaking authority.).

[8] *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020) (citing *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001)).

[9] Moreover, this Court concluded that "a decision based upon this straightforward legal analysis of the regulation eliminates the need to wade into the murky waters of 'misinformation,' which would be intensely factual and unnecessarily time-consuming." Docket 13 at 13.

[10] *Id.*

*Hughes v. Social Security Administration*            Case No. 3:20-cv-281 RRB
Order Allowing Plaintiffs to Apply to Withdraw Applications           Page 3

Case 3:20-cv-00281-RRB   Document 21   Filed 11/12/21   Page 3 of 9

whether Plaintiffs meets all requirements in accordance with 20 C.F.R. § 404.640(b)(1)-(3) to withdraw and refile their applications."[11]  Thus, the Commissioner argues that "further factfinding on the part of the ALJ is required," because the regulations "contain additional requirements before an application may be withdrawn."[12]

According to 20 C.F.R. § 404.640 (effective until December 7, 2010), applications such as Plaintiffs' could be withdrawn if four conditions were met:

- A written request for withdrawal is filed at a place described in § 404.614[13] by the claimant or a person who may sign an application for the claimant under § 404.612;[14]

- The claimant is alive at the time the request is filed;[15]

- Any other person whose entitlement would be rendered erroneous because of the withdrawal consents in writing to it;[16] and

- All benefits already paid based on the application being withdrawn are repaid or we are satisfied that they will be repaid.[17]

The Commissioner correctly identifies a flaw in the Court's prior statement that "it appears that Plaintiffs are entitled to withdraw and refile their retirement applications . . . pursuant to the SSA's established procedure."[18]  A more accurate statement is that *Plaintiffs are entitled to **apply to withdraw** their retirement applications, pursuant to the SSA's*

---

[11] Docket 20.

[12] *Id.*

[13] "[A]n application for benefits, or a written statement, request, or notice is filed on the day it is received by an SSA employee at one of our offices or by an SSA employee who is authorized to receive it at a place other than one of our offices." 20 C.F.R. § 404.614(a).

[14] 20 C.F.R. § 404.640(a)(1).

[15] 20 C.F.R. § 404.640(a)(2).

[16] 20 C.F.R. § 404.640(b)(2).

[17] 20 C.F.R. § 404.640(b)(3).  The regulation is silent as to what is satisfactory evidence of future repayment.

[18] Docket 13 at 13.

*Hughes v. Social Security Administration*                    Case No. 3:20-cv-281 RRB
Order Allowing Plaintiffs to Apply to Withdraw Applications                    Page 4

Case 3:20-cv-00281-RRB   Document 21   Filed 11/12/21   Page 4 of 9

*established procedure.*  But the Court disagrees with the remainder of the Commissioner's arguments.

The procedure the Commissioner suggests could take months, if not years, to complete.  Plaintiffs are now 76 and 91 years old.[19]  In light of the requirement of 20 C.F.R. § 404.640(a)(2), time is of the essence.  Moreover, according to the SSA website,[20] an individual wishing to withdraw their retirement application simply must fill out Social Security Form SSA-521, and "send the completed form to your local Social Security office. We will notify you when there is a decision about your request and let you know the amount of benefits you need to repay."[21]  The two-page form contains checkboxes for SSA use in the event that "benefits not repaid" or "consent(s) not obtained" prevents approval of the request.[22]  But there is no requirement that an ALJ "conduct efforts to develop the record and evaluate whether Plaintiffs meet all requirements."  A signature of an "SSA Employee" such as "Claims Authorizer" is all that is required for approval.  However, there is no indication on the form as to how long the SSA may take to consider the application, the fact that the decision is not made locally, how the supplemental information is obtained by SSA, or the possibility that once the form is submitted, existing payments could immediately cease pending a decision.

While administrative procedure may require this Court to remand to the ALJ, nothing prevents Plaintiffs from promptly filing their applications without waiting for

---

[19]  As of May 3, 2021.  Docket 11.
[20]  https://www.ssa.gov/benefits/retirement/planner/withdrawal.html#how (Last visited November 10, 2021).
[21]  A copy of this form is attached to this Order.
[22]  20 C.F.R. § 404.640(b)(2) and (3).

*Hughes v. Social Security Administration*                                          Case No. 3:20-cv-281 RRB
Order Allowing Plaintiffs to Apply to Withdraw Applications                                          Page 5

Case 3:20-cv-00281-RRB   Document 21   Filed 11/12/21   Page 5 of 9

"permission" from the ALJ to do so.[23]  Plaintiffs' rights to file withdrawal applications are not contingent on the ALJ's blessing.  Rather, Plaintiffs currently have this right for reasons explained in this Court's prior Order.  But nothing about this Court's analysis considers whether an application to withdraw and refile is in the Plaintiffs' best interests.  That decision is between Plaintiffs and their financial, tax, legal, and any other advisors.  Plaintiffs are correct that they should have been permitted to apply to withdraw their applications under the pre-December 10, 2010, rules, but whether or not it is wise to do so remains up to them.

## CONCLUSION

In light of the foregoing, it is hereby ordered as follows:

1. The ALJ's March 25, 2021, decision is REVERSED and REMANDED based upon legal error with respect to the retroactivity of 20 C.F.R. § 404.640 (Effective December 8, 2010);

2. The Court makes no findings with respect to the ALJ's conclusion that SSA employees did not provide misinformation to Plaintiffs; and

3. This matter will be held open for 60 days.  If no further filings are received, it will be DISMISSED WITHOUT PREJUDICE at that time.[24]

---

[23] Plaintiffs may wish to attach copies of this Court's orders to any SSA-521 application.
[24] The Supreme Court defines "dismissal without prejudice" as "dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."  *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505, 121 S. Ct. 1021, 1027, 149 L. Ed. 2d 32 (2001).

*Hughes v. Social Security Administration*                                      Case No. 3:20-cv-281 RRB
Order Allowing Plaintiffs to Apply to Withdraw Applications                      Page 6

Case 3:20-cv-00281-RRB   Document 21   Filed 11/12/21   Page 6 of 9

IT IS SO ORDERED this 12th day of November, 2021, at Anchorage, Alaska.

_/s/ Ralph R. Beistline_
RALPH R. BEISTLINE
Senior United States District Judge

_Hughes v. Social Security Administration_                                    Case No. 3:20-cv-281 RRB
Order Allowing Plaintiffs to Apply to Withdraw Applications                                    Page 7
Case 3:20-cv-00281-RRB   Document 21   Filed 11/12/21   Page 7 of 9

TOE 420

# REQUEST FOR WITHDRAWAL OF APPLICATION

Do not write in this space

IMPORTANT NOTICE - This is a request to withdraw your application. If we approve it, the decision we made on your application will have no legal effect. You will forfeit all rights attached to an application, including the rights of appeal. You will have to return any payment we made to you or anyone else on the basis of that application. You must then reapply if you want a determination of your Social Security rights at any time in the future. Any subsequent application may not involve the same retroactive period. We intend for you to use this procedure only when your decision to file has resulted, or will result, in a disadvantage to you. Your local Social Security office will be glad to explain whether, and how, this procedure will help you.

| NAME OF WAGE EARNER, SELF-EMPLOYED INDIVIDUAL, OR ELIGIBLE INDIVIDUAL | SOCIAL SECURITY NUMBER |
|---|---|
| IF DIFFERENT, PRINT YOUR NAME (*First name, middle initial, last name*) | YOUR SOCIAL SECURITY NUMBER |

| TYPE OF BENEFIT YOU WANT TO WITHDRAW | DATE OF APPLICATION | IF APPLICABLE, DO YOU WANT TO KEEP MEDICARE BENEFITS?  ☐ Yes  ☐ No |
|---|---|---|

I hereby request the withdrawal of my application, dated as above, for the reasons stated below. I understand that (1) this request may not be cancelled after 60 days from the mailing of notice of approval; and (2) if a determination of my entitlement has been made, there must be repayment of all benefits paid on the application I want withdrawn, and all other persons whose benefits would be affected must consent to this withdrawal. I further understand that the application withdrawn and all related material will remain a part of the records of the Social Security Administration and that this withdrawal will not affect the proper crediting of wages or self-employment income to my Social Security earnings record.

Give reason for withdrawal.  *(If you need more space, use the reverse of this form.)*

1. ☐  I intend to continue working. (I have been advised of the alternatives to withdrawal for applicants under full retirement age and still wish to withdraw my application.)

2. ☐  Other (Please explain fully): _____

_____

_____

_____

☐ Continued on reverse

## SIGNATURE OF PERSON MAKING REQUEST

| Signature  *(First name, middle initial, last name) (Write in ink)* | Date *(Month, day, year)* |
|---|---|
| **SIGN HERE** | Telephone Number *(include area code)* |

Mailing Address *(Number and Street, Apt. No., P.O. Box, or Rural Route)*

| City and State | ZIP Code | Enter Name of County (if any) in which you now live |
|---|---|---|

**Witnesses are required ONLY if this request has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the person making the request must sign below, giving their full addresses.**

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and Street, City, State and ZIP Code)* | Address *(Number and Street, City, State and ZIP Code)* |

## FOR USE OF SOCIAL SECURITY ADMINISTRATION

| ☐ APPROVED | ☐ NOT APPROVED BECAUSE | ☐ BENEFITS NOT REPAID | ☐ CONSENT(S) NOT OBTAINED | ☐ OTHER *(Attach special determination)* |
|---|---|---|---|---|

| SIGNATURE OF SSA EMPLOYEE | TITLE  ☐ CLAIMS AUTHORIZER | ☐ OTHER *(Specify)* | DATE |
|---|---|---|---|

Additional Remarks: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Privacy Act Statement**
**Collection and Use of Personal Information**

Sections 202, 205, 223 and 1872 of the Social Security Act, as amended, allow us to collect this information. Furnishing us this information is voluntary. However, failing to provide us with all or part of the information may cause continued consideration of your benefits claim.

We will use the information you provide to cancel your application for benefits. We may also share your information for the following purposes, called routine uses:

- To student volunteers and other workers, who technically do not have the status of Federal employees, when they are performing work for Social Security Administration (SSA) as authorized by law, and they need access to personally identifiable information in SSA records in order to perform their assigned agency functions; and

- To contractors and other Federal agencies, as necessary, for the purpose of assisting SSA in the efficient administration of its programs.

In addition, we may share the information in accordance with the Privacy Act and other Federal laws. For example, where authorized, we may use and disclose this information in computer matching programs, in which our records are compared with other records to establish or verify a person's eligibility for Federal benefit programs and for repayment of incorrect or delinquent debts under these programs.

A list of additional routine uses is available in our Privacy Act System of Records Notice (SORN) 60-0089, entitled Claims Folders Systems, as published in the Federal Register (FR) on April 1, 2003, at 68 FR 15784. Additional information and a full listing of all our SORNs are available on our website at www.ssa.gov/privacy.

**Paperwork Reduction Act Statement** - This information collection meets the requirements of 44 U.S.C. § 3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 5 minutes to read the instructions, gather the facts, and answer the questions. **SEND OR BRING THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are listed under U.S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213 (TTY 1-800-325-0778).** *You may send comments on our time estimate above to:  SSA, 6401Security Blvd., Baltimore, MD 21235-6401. **Send only comments relating to our time estimate to this address, not the completed form.***